UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CRAIG HOLMAN,<br>    Petitioner,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, ET AL.,<br>    Respondents. | No. 3:09cv357 (SRU) |

**ORDER DISMISSING PETITION**

On or about February 19, 2009, the Internal Revenue Service ("IRS") issued and served a summons on Petitioner Craig Holman. On or about March 5, 2009, Holman filed a petition to quash the summons (doc. # 1) and served the petition on respondent Revenue Agent Kathryn DellaRocco.

Holman's petition includes as an attachment a copy of the summons issued by the IRS. This exhibit shows that the IRS used IRS Form 2039 (Rev. 9-1999) to issue the summons. The form includes a cover page entitled "Summons," two pages of provisions of the Internal Revenue Code, including 26 U.S.C. §§ 7602-05, 7609-10, 7210, a page entitled "Notice to Third Party Recipient of IRS Summons," and a single page of directions and instructions. With one notable exception,[1] Holman followed the instructions set out in Form 2039's "Instructions for Preparing Petition to Quash." (Holman Petition, doc. # 1, Exhibit, at 6.)

Even if Holman had followed those instructions exactly, however, I would dismiss his petition for the following reasons. In *Schulz v. Internal Revenue Service*, 395 F.3d 463 (2d Cir. 2005) (per curiam) ("*Schulz I*"), the Second Circuit addressed a motion to quash in the same

---

[1] Form 2039 gives "Instructions for Preparing Motion to Quash" and directs the petitioner to name the United States as the respondent. Holman named the Internal Revenue Service and its Revenue Agent as respondents. (Holman Petition, doc. # 1, at 1.)

procedural posture as the petition at hand. Upon receiving a summons, the petitioner in *Schulz* filed a motion to quash in the district court. The lower court dismissed the case upon finding that no case or controversy existed and that the court lacked subject matter jurisdiction. *Id.* at 464. The Court of Appeals affirmed, *id.* at 464-65, and later conducted a rehearing and reaffirmed, holding that, "absent an effort to seek enforcement through a federal court, IRS summonses 'to appear, to testify, or to produce books, papers, records, or other data,' 26 U.S.C. § 7604, issued 'under the internal revenue laws,' *id.*, apply no force to the target, and no punitive consequences can befall a summoned party who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order." *Schulz v. Internal Revenue Service*, 413 F.3d 297, 298-99 (2d Cir. 2005) ("*Schulz II*"). As such, the Second Circuit held that "issuance of an IRS summons creates no Article III controversy and, therefore, federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of some effort by the IRS to seek court enforcement of the summons." *Schulz I*, 395 F.3d at 465.

Craig Holman's name appears on the page entitled, "Summons." The form is subtitled, "In the matter of Craig Holman," and is addressed "to Craig Holman" at his home address. The only sensible reading of this administrative summons is that Craig Holman is the object of the summons. Craig Holman is therefore not a third-party, as identified in 26 U.S.C. § 7609(a) (as "other than the person summoned"). He is not subject to the special provisions of 26 U.S.C. § 7609(b), which allow a person identified in subsection 7609(a) to file a motion to quash, irrespective of the IRS filing an enforcement action under 26 U.S.C. § 7604.

Holman's petition shows that the IRS's summons included a page entitled, "Notice to Third Party Recipient of IRS Summons." Whether that was included in error or is included as a

matter of course for all summonses is not important, but it should be noted that, for Holman, that page and the detailed instructions on filing a motion to quash were extraneous information that regrettably confused and mislead him.  Neither the inclusion of the notice page nor the form's instructions transforms Holman into a third-party.  Neither creates jurisdiction in this court.

The IRS has not yet sought to enforce its summons, as Congress authorized it to do in 26 U.S.C. § 7604.[2]  Accordingly, there is not yet a case or controversy that the district court may hear.  Because binding precedent in this Circuit holds that this court has no subject matter jurisdiction over Holman's petition, I must dismiss it.  That dismissal is without prejudice.  The government's motion to dismiss (**doc. # 4**) is denied as moot.  The clerk is directed to close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 28th day of May 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[2] If the IRS does attempt to compel compliance, "the enforcement procedure described in § 7604 would provide [the petitioner] with adequate opportunity to contest the requests." *Schulz I*, 395 F.3d at 464; *see Schulz II*, 413 F.3d at 302-03.